Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6546 | **DATE** | March 16, 2012 |
| **CASE TITLE** | Rodriguez vs. Best Buy Stores | | |

**DOCKET ENTRY TEXT**

For the reasons stated in the Statement section of this order, Plaintiff's Motion for Appointment of Counsel (Dkt. No. 22) is denied without prejudice.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    Before the court is plaintiff Ivan Jose Rodriguez's motion for appointment of counsel in his employment discrimination lawsuit against his former employer, Best Buy. (Dkt. No. 22.) Rodriguez has completed an updated financial affidavit and a written motion for appointment of counsel per this court's order. (Dkt. No. 19.)

    The court accepts that Rodriguez is indigent based on his monthly salary of $516 as an employee of Medieval Times USA, Inc. and the fact that he is responsible for the support of his two children. Rodriguez lives with the mother of his children, but they are in the process of splitting up and she does not provide him with any financial support and would not provide financial information for the completion of his financial affidavit.

    In such circumstances, the court has discretion as to whether to provide Rodriguez with counsel. The court should consider: (1) the merits of his claim for relief; (2) his ability to investigate crucial facts without an attorney; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) Rodriguez's ability to present the case; and (5) the complexity of the legal issues raised by the complaint. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). The court likewise must consider whether Rodriguez has made reasonable efforts to retain counsel on his own. *Id.*

    The court finds that Rodriguez's written motion for appointment of counsel shows he has been diligent in attempting to retain counsel on his own, but has been unable to do so. However, it is not clear that Rodriguez's case is so complex, at least at this stage, that counsel should be appointed.

    Rodriguez's complaint alleges national origin and disability discrimination, as well as retaliation. In it, he alleges that he was injured at work and never fully recovered. (Dkt. No. 8 (Am. Compl. ¶ 13.) He contends that after calling Best Buy's confidential line to report racial discrimination in regard to a promotion for a fellow employee, he was wrongfully terminated. (*Id.*)

    Given the level of detail in the complaint, the court is unable to conclude at this time that Rodriguez

## STATEMENT

needs the assistance of attorney in order to present his case. In his motion to appoint counsel, he states that he has completed some college, and he appears capable of completing the relevant forms. For these reasons, the court denies Rodriguez's motion for appointment of counsel, but does so without prejudice. Rodriguez may seek leave to refile his motion at a later date, once the court is better able to ascertain the complexity of the case.

*James F. Holderman*